

# NUMBER 13-07-00628-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

QUENTIN JAMES LEE A/K/A
QUINTIN JAMES LEE,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                  Appellee.

---

**On appeal from the 264th District Court
of Bell County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Benavides
Memorandum Opinion by Justice Garza**

Appellant, Quentin James Lee a/k/a Quintin James Lee,[1] was charged by

information with possession of a controlled substance—cocaine—of a quantity less than

---

[1] Appellant is referred to as "Quentin James Lee" and "Quintin James Lee" in the record. Based on our review of the record, it is clear that the trial court is referring to the same person. For purposes of this appeal, we will refer to Lee as "appellant."

one gram. TEX. HEALTH & SAFETY CODE ANN. § 481.115(a)-(b) (Vernon 2003); *see id.* § 481.102(3)(D) (Vernon Supp. 2007) (listing cocaine in the "Penalty Group 1"). Pursuant to a plea agreement with the State, appellant pleaded guilty to the offense, and the trial court deferred any finding of guilt and placed appellant on two years' deferred adjudication.

On February 9, 2006, the State filed a motion to adjudicate alleging that appellant had violated a number of the conditions of his deferred adjudication community supervision, including, among other things, the prohibition of drug and alcohol consumption. On August 18, 2006, in response to the State's motion to adjudicate, the trial court revoked appellant's deferred adjudication and found him guilty of possession of a controlled substance under a gram. *See id.* § 481.115(a)-(b). The trial court subsequently sentenced appellant to two years' confinement in state jail probated for five years.

On October 25, 2006, the State filed a motion to revoke appellant's probation, alleging numerous violations of the conditions of appellant's probation. On July 26, 2007, the trial court: (1) revoked appellant's probation; and (2) sentenced appellant to sixteen months' confinement in state jail. *See* TEX. PENAL CODE ANN. § 12.35(a) (Vernon Supp. 2007) (stating that "an individual adjudged guilty of a state jail felony shall be punished by confinement in a state jail for any term of not more than two years or less than 180 days."). On August 22, 2007, the trial court certified appellant's right to appeal. Appellant now appeals the judgment of the trial court.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), Lee's court-appointed appellate counsel has filed a brief with this Court, stating that based on his review of the

2

record, this "appeal is wholly frivolous and without merit[,] and that no arguable points on appeal or authorities to support such points are to be found in the record." Although counsel's brief does not advance any arguable grounds of error, it does present a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced on appeal. *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978), appellant's counsel has carefully discussed why, under controlling authority, there are no errors in the trial court's judgment. Counsel has informed this Court that he has: (1) examined the record and found no arguable grounds to advance on appeal, (2) served a copy of the brief on appellant, and (3) informed appellant of his right to review the record and to file a pro se brief. *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3. On December 6, 2007, appellant's counsel filed a motion for extension of time to allow appellant additional time to file a pro se brief with this Court if he so desired. Appellant's counsel requested that the deadline be set for December 21, 2007, which we granted. The deadline has passed and appellant has not filed a pro se brief.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the

3

opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.  Accordingly, we affirm the judgment of the trial court.

### III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel for appellant.  *See Anders*, 386 U.S. at 744.  We grant his motion to withdraw.  We further order counsel to notify appellant of the disposition of this appeal and the availability of discretionary review.  *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (per curiam).

DORI CONTRERAS GARZA,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).
Memorandum Opinion delivered and
filed this the 22nd day of May, 2008.